[No. B022087. Second Dist., Div. Four. July 2, 1987.]

FRANK CARDENAS, JR., Plaintiff and Appellant, v.
EGGLESTON YOUTH CENTER, Defendant and Respondent.

## COUNSEL

Latts & Herstead, John W. Herstead and Robert Cipriano for Plaintiff and Appellant.

John S. Nelson for Defendant and Respondent.

## OPINION

**WOODS, P. J.**—Plaintiff Frank Cardenas, Jr., (plaintiff) appeals from a judgment of dismissal entered in favor of defendant Eggleston Youth Cen-

ter (defendant) after defendant's general demurrer to plaintiff's first amended complaint was sustained without leave to amend.[1] We affirm.

■ For the purposes of this appeal we assume the truth of the factual allegations of the complaint. (*Beauchene* v. *Synanon Foundation, Inc.* (1979) 88 Cal.App.3d 342, 344 [151 Cal.Rptr. 796].) To assist our determination of whether there was a reasonable possibility that amendment could have cured the defects in the complaint, we also include additional factual material presented to the court below with which plaintiff could have amended his complaint had amendment been allowed. (See *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 432, fn. 3 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].)

On May 29, 1984, plaintiff was brutally attacked by Ronald C. Burnette (Burnette), a minor, who, at the time of the attack, was a resident at defendant facility, a group home provider licensed by the State Department of Social Services. Burnette had been placed in defendant facility by order of the Los Angeles Superior Court, Juvenile Division, as a condition of probation. Defendant is an open facility, the residents of which are free to come and go subject to certain restrictions. The attack upon plaintiff by Burnette occurred at a convenience store to which Burnette had gone after obtaining a pass. As a result of the attack, plaintiff sustained serious personal injury.

On April 1, 1985, plaintiff filed a complaint alleging five causes of action against various combinations of defendants, including defendant facility. Defendant's demurrer to this complaint was sustained with leave to amend. Subsequently, plaintiff filed a first amended complaint alleging only two causes of action, battery and negligence. Only the negligence cause of action was alleged against defendant.

Plaintiff alleged that Burnette "was a violent and unpredictable" person as to whom defendant "had a duty to the general public, and the plaintiff in particular to exercise such custody and control [of Burnette] to protect the general public and the plaintiff from [Burnette's] violent and unpredictable behavior." Plaintiff alleged further that defendant not only failed to exercise the requisite control but "encouraged [Burnette] to engage in violent and unpredictable behavior" by providing Burnette the opportunity to "interact" with the residents of the community where the attack occurred. Finally, plaintiff alleged defendant knew or should have learned of Burnette's violent propensities before the attack on plaintiff but failed to remove him from the facility.

---

[1] Plaintiff also named Ronald C. Burnette, the County of Los Angeles and the State of California as defendants in this action. Those parties are not involved in this appeal.

Defendant demurred to the first amended complaint. Defendant argued that plaintiff had failed to plead the existence of a duty on defendant toward plaintiff for injuries arising from the criminal conduct of one of its residents. Additionally, defendant argued that it had no choice but to accept the placement of Burnette and that plaintiff failed to allege that defendant had any "first hand knowledge" of Burnette's violent propensities. Defendant maintained it had no cause to anticipate Burnette's criminal acts nor, correspondingly, any duty to monitor him.

Plaintiff's opposition to the demurrer conceded that the placement of Burnette in defendant facility was "proper." Plaintiff argued, however, that its allegations went to defendant's failure to adequately evaluate Burnette before accepting him. Plaintiff also cited allegations in the complaint that, having accepted him and learned of his violent propensities, defendant negligently failed to request Burnette's transfer. On the duty issue, plaintiff argued that he was a member of a "class of persons" to whom defendant owed a duty of care by virtue of the dangers inherent in the business of running a facility for "disturbed, unpredictable and, even, violent youths."

Defendant's demurrer was sustained without leave to amend, and a judgment of dismissal was entered. This appeal ensued.

■ The question before us in this appeal is whether a private rehabilitation facility, such as defendant, owes a duty of care toward members of the community in which it is located for the criminal conduct of its residents. ■ "In analyzing this issue, we bear in mind that legal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d at p. 434.)

Although not cited to us by either side, our research discloses that *Beauchene* v. *Synanon Foundation, Inc., supra,* 88 Cal.App.3d 342, most closely parallels both the factual and legal issues raised in the instant case.

In *Beauchene,* a man named Bentley, convicted of first degree burglary, was admitted to Synanon as a condition of his probation. Despite Bentley's prior unsuccessful commitment to another residential drug program, he was accepted at Synanon. Five days later he "escaped" from the facility and, two weeks later, shot appellant in the arm.

Appellant's action against Synanon was dismissed after the trial court sustained a demurrer to his complaint. On appeal, appellant argued that respondent had a duty to exercise due care in accepting convicted persons into the Synanon program. Alternatively, appellant argued that respondent

had an affirmative duty to prevent Bentley from leaving the program. (*Id.,* at p. 345.)

The Court of Appeal, concluding that respondent owed no duty of due care to appellant, affirmed the judgment. (*Id.,* at p. 348.) ■ In reaching this conclusion, the court pointed out that "[g]enerally, a person owes no duty to control the conduct of another" except where, inter alia, the duty arises from a special relationship between the defendant and the wrongdoer. (*Id.,* at p. 347.)

The court then weighed the public interest in safety from violent attack against "the public policy favoring innovative criminal offender release and rehabilitation programs. [Citations.]" (*Ibid.*) While acknowledging the gravity of the injury to appellant the court nonetheless observed that " '[o]f paramount concern is the detrimental effect a finding of liability would have on prisoner release and rehabilitation programs. Were we to find a cause of action stated we would in effect be encouraging the detention of prisoners in disregard of their rights and society's needs.' (*Whitcombe* v. *County of Yolo* [1977] 73 Cal.App.3d 698, 716 [141 Cal.Rptr. 189].) Each member of the general public who chances to come into contact with a parolee or probationer must risk that the rehabilitative effort will fail. [Citations.]" (*Id.,* at p. 348.)

Additionally, the court pointed out that Government Code section 845.8 immunizes public release and rehabilitation programs from liability for the criminal behavior of paroled, released or escaped prisoners. Thus, "the same public policy that moved the Legislature to immunize *public* release and rehabilitation programs from liability—to encourage such innovations in the interests of criminal justice—compels the conclusion that respondent's *private* release and rehabilitation program owed no legal duty to this appellant.... To hold respondent civilly liable would deter the development of innovative criminal offender release and rehabilitation programs, in contravention of public policy." (*Beauchene* v. *Synanon Foundation, Inc., supra,* 88 Cal.App.3d at p. 348, italics in original.)

■ We are persuaded that the public policy concerns that led the *Beauchene* court to find no duty on the part of that respondent should lead us to the same conclusion in the case at bar. We recognize that plaintiff has been grievously injured, but to permit him recourse against defendant would have a potentially devastating impact on private rehabilitation programs. Such programs, particularly in these times of overcrowded penal facilities, serve an indispensable public function. Forced to choose between the competing interests presented in this case, we must, like the *Beauchene* court, without in the least minimizing the seriousness of the injury to the

individual, defer to the imperative policy objective of encouraging innovative release and rehabilitation programs for criminal offenders.

Accordingly, because respondent owed no duty of care to appellant, his complaint failed to state a cause of action.

The judgment of dismissal is affirmed. Each side to bear its own costs on appeal.

Kingsley, J., and McClosky, J., concurred.