810 P.2d 1053

**James D. EASTER, Plaintiff–Appellant,**

v.

**Oscar L. PERCY and Mary Jeanne Percy, husband and wife; John Carollo Engineers, an Arizona business entity; John Carollo and Jane Doe Carollo, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 89–141.**

Court of Appeals of Arizona,
Division 1, Department C.

April 18, 1991.

See also 157 Ariz. 253, 756 P.2d 350.

Frederick C. Creasy, Jr., Scottsdale, for plaintiff-appellant.

Gallagher & Kennedy, P.A. by Roger E. Brodman, Judith A. Morse, Phoenix, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

The plaintiff, James Easter, was employed by the general contractor on a project for the construction of a water treatment plant. He was injured on the job by a piece of falling rebar. He sued John Carollo Engineers, the consulting engineers on the project, and a Carollo employee, Oscar L. Percy, who was the chief inspector for the project. He alleged that his injuries were the result of the defendants' negligent inspection and supervision of the work.

The defendants filed a motion for summary judgment, arguing that they owed no duty to the plaintiff to prevent his injury on the job. They also contended that even if a duty were found to exist, there was no evidence of breach of that duty since the plaintiff failed to offer expert testimony on the standard of care required of the defendants. The trial court granted summary judgment for the defendants, finding as a matter of law that they owed no duty to the plaintiff to inspect for safety.

## FACTS

The facts are not in dispute. Dillingham Heavy Construction, Inc. was the general contractor hired to construct the Union Hills Water Treatment Plant for the City of Phoenix. The plaintiff was employed by Dillingham as a carpenter on the project. Bear River Steel Company subcontracted

with Dillingham to install the structural steel rebar.

John Carollo Engineers is an engineering firm specializing in the design of waste water treatment projects. The city hired Carollo pursuant to a written contract to furnish "construction administration and other related services" to the city in connection with its construction of the Union Hills Water Treatment Plant. The agreement provided that Carollo would furnish the services of a competent engineer and inspectors. Carollo assigned its employee, Oscar Percy, as chief inspector for the project.

Carollo's agreement with the city spelled out the scope of the inspection services that Carollo was to perform. The agreement stated that Carollo's inspectors would inspect the contract work for compliance with contract plans and specifications. The agreement contained the following limiting language:

A. INSPECTION

Inspection services shall be furnished by John Carollo Engineers, hereinafter referred to as the Engineer, as set forth below.

1. Furnish the services of a competent resident engineer and resident inspectors as shown on Exhibit "C" to inspect the contract work for compliance with contract plans and specifications. The Engineer will be responsible to coordinate and perform inspection activities including necessary quality control testing required by the contract.

Inspection by the Engineer shall not be considered as direct control of individual workman and his work. The direct construction control and all job safety shall be solely the contractor's responsibility.

Dillingham, as contractor, passed some of its responsibility for work safety on to the parties with whom it subcontracted. The subcontract with Bear River required Bear River to comply with all safety requirements, inspect the work site for safety violations, and assume sole responsibility for providing a safe place to work.

The plaintiff was injured when a piece of rebar fell on him while he was removing a concrete form from a wall. It fell from a structure that had been made of many pieces of rebar tied together with thousands of ties. The rebar had been assembled and installed by Bear River. The defendant, Oscar Percy, had inspected and accepted the rebar structure as complying with the plans and specifications. According to his deposition testimony, he had inspected it both while it was on the ground and after it had been lifted into place to form a wall. He had found that it met the contract plans and specifications. He stated that he had not noticed that any of the rebar pieces were improperly tied, but also said that it would have been unlikely that he would have spotted such a condition. He explained that, in the inspection process, he made a general determination of whether enough rebar was used and whether it was spaced and tied properly, but that he could not have individually checked each of the thousands of ties. According to Percy, who had been an inspector on construction projects for more than twenty years, no closer inspection of the ties was required by an inspector. There is no contention that the defendants had any right to control the details of how the contractor and various subcontractors performed their work.

To maintain an action for negligence, a plaintiff must show that there is a duty or obligation, recognized by law, which requires the defendant to use a particular standard of care to avoid or prevent injury to the plaintiff. *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983). A defendant who owes no duty to the plaintiff cannot be liable to him even if the defendant acts negligently. *Markowitz v. Arizona Parks Bd.,* 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985). The issue of duty is usually one for the court as a matter of law. *Beach v. City of Phoenix,* 136 Ariz. 601, 604, 667 P.2d 1316, 1319 (1983).

The trial court concluded as a matter of law that the defendants in this instance owed no duty to the plaintiff to protect him against bodily injury. The plaintiff argues that the defendants owed him such a duty under its contract to inspect the project.

Alternatively, he argues that, even if the contract did not impose a duty, the defendants, by their actions, voluntarily undertook to protect him and were negligent in the way they carried out this responsibility.

## CONTRACTUAL DUTY

■ We first turn to the issue of whether the contract between the defendants and the city imposed a duty on the defendants to safeguard workers against on-the-job injuries. There is considerable Arizona law to the effect that a contractor is only liable for injuries to persons on the job site, other than his own employees, if the contractor has retained supervisory control over the method and manner of completing the details of the work. *See Reber v. Chandler High School Dist. No. 202*, 13 Ariz.App. 133, 135, 474 P.2d 852, 854 (1970). In a recent case decided in this court, that principle was applied notwithstanding the fact that the contract gave the contractor the right and duty to initiate and oversee safety precautions on the project. *Lewis v. N.J. Riebe Enterprises*, 76 Ariz.Adv.Rep. 29 (App. December 18, 1990) (Kleinschmidt, J., dissenting).

We need not belabor the pros and cons of cases like *Reber* and *Lewis* because the facts of this case are distinctly different from the facts of those cases. Here, the defendants had no contractual responsibility for safety precautions, did not undertake to exercise any control for the sake of safety, contractually disavowed any such role, and had no contractual right to stop work which was proceeding in an unsafe manner. The plaintiff cannot look to the contract to establish liability.

## COMMON LAW DUTY

■ The plaintiff next argues that, even if the contract does not create a duty to him on the part of the defendants, they are nonetheless liable at common law because they voluntarily assumed a responsibility for safety. Their argument is based on Oscar Percy's statement that when work did not conform to the plans and specifications, he required that it be corrected. The plaintiff says that the piece of rebar which fell was improperly tied and, therefore, did not conform to the plans and specifications. The plaintiff claims he would not have been injured had Percy done his job properly. To support his argument, he cites section 324(A) of the *Restatement (Second) of Torts* (1965), which reads:

Liability to Third Person for Negligent Performance of Undertaking.

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The plaintiff's argument fails for several reasons. First, since the services—inspection for compliance with the plans—were not undertaken for reasons of safety, the argument that the defendants should have recognized that they were necessary for the safety of a third person is weak. Nothing in the evidence suggests that the defendants undertook to inspect for safety.

Second, while the plaintiff asserts that he relied on the defendants to inspect for the defect that resulted in harm to him, he does not cite to the record to substantiate this allegation. We assume that this contention rests upon a bare assertion.

■ Third, and most important, the record is devoid of any evidence to support the conclusion that the defendants did not exercise reasonable care in inspecting the work to see that it conformed to the plans. The applicable standard of care for an engineer is to "exercise the degree of skill, care, and diligence as engineers ordinarily exercise under like circumstances" and expert testimony is ordinarily required to es-

**50**

tablish whether the standard has been met. *National Housing Indus., Inc. v. E.L. Jones Dev. Co.*, 118 Ariz. 374, 377, 576 P.2d 1374, 1377 (App.1978).

 In this case, Percy, who has more than twenty years of experience as a construction inspector, testified at his deposition and by affidavit that he determined whether enough rebar was used, that he did not check each of the several thousand ties, and that this conduct met the standard of care for the construction industry. Percy's statements were uncontroverted. This satisfied the defendants' burden of making a prima facie showing that the applicable standard of care was met. *See id.* The burden, then, shifted to the plaintiff to raise an issue of fact as to the standard of care normally exercised in performing services such as those undertaken in this case. *See id.* The plaintiff, in this case, offered no evidence to justify trial on this issue. *See Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990).

The trial court's order granting summary judgment for the defendants is affirmed.

TAYLOR, P.J., and EUBANK, J., concur.