Jennifer AGUIRRE, as statutory trustee, on her own behalf, and on behalf of all other statutory beneficiaries, Plaintiff—Appellant,

v.

UNITED STATES of America, a political entity, Defendant—Appellee.

No. 01–16057.
D.C. No. CV–00–00035–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 5, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,\* District Judge.

MEMORANDUM \*\*

Jennifer Aguirre, as trustee for the survivors of her husband, Albert Aguirre, who was killed in a mining accident, appeals from the dismissal of her Federal Tort Claims Act (FTCA) action by the district court.[1] Having carefully reviewed the record and the briefs of the parties, we affirm for the reasons stated by the district court.

Appellant argues that the district court erred in analyzing the United States' liability for alleged negligence of its mining inspectors as if it were a private person rather than as if it were an Arizona municipal corporation. We agree with the trial court that the private person analogy is the correct standard, since many types of private entities perform safety inspections. *See* 28 U.S.C. §§ 1346(b)(1) and 2674; *Anderson v. United States,* 55 F.3d 1379, 1382 (9th Cir.1995); *Roberson v. United States,* 382 F.2d 714, 717 (9th Cir.1967).

As the district court pointed out, when the private entity standard applies, under Arizona law the "good samaritan" doctrine of Restatement (Second) of Torts, § 324A applies. *See Roberson,* 382 F.2d at 717; *Easter v. Percy,* 168 Ariz. 46, 810 P.2d 1053, 1056 (Ariz.Ct.App.1991). However, negligent government inspections do not on their own create "good samaritan" liability because they do not increase the risk of harm. *See Roberson,* 382 F.2d at 720–22. Aguirre argues in her reply brief that the government increased the risk of harm

1. The trial court dismissed for lack of subject matter jurisdiction, which tends to become identical with a discussion of the merits in FTCA cases.

by granting the modification of the mandatory shelter hole provision without then determining whether the alternative imposed safety conditions were met, but she waived this argument by failing to raise it in her opening brief. *See Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir.2000).

Appellant concedes that the *allowance* of the variance was a discretionary function and, thus, not action under the FTCA. Appellant's brief pp. 20–21; statements at oral argument. She argues, however, that failure of the inspectors to find and correct non-observance of the conditions required for the variance "increased the risk" to her decedent, thus subjecting the United States to liability under the Restatement § 324A, *supra.*

Merely failing to note a condition does not "increase the risk." Rather, in order to violate that standard, the inspector must cause some deleterious change in the existing conditions. Appellant did not plead such changes in this matter. Hence, the district court did not err in dismissing this action.

Because we hold that the district court lacked subject matter jurisdiction under the FTCA, we need not reach the discretionary function exception issue. Finally, the district court did not abuse its discretion in denying Aguirre further discovery because the controlling questions of fact are undisputed in this case. *See St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir.1989).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.