NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACY'S, INC., a corporation, | No. 19-16792 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00990-DWL |
| v. | |
| H&M CONSTRUCTION COMPANY, INC., | MEMORANDUM[*] |
| Defendant-third-party-plaintiff-Appellee, | |
| v. | |
| S.A. COMUNALE COMPANY, INC., | |
| Third-party-defendant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic W. Lanza, District Judge, Presiding

Argued and Submitted December 11, 2020
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Macy's, Inc. ("Macy's") appeals the district court's grant of summary judgment to H&M Construction Co. ("H&M") on Macy's negligence claims regarding a fire protection system sprinkler leak at Macy's facility in Arizona. H&M oversaw construction of the facility as the site's general contractor, and the leak occurred approximately seven years after the sprinkler was installed by H&M's subcontractor, S.A. Comunale Company, Inc. ("Comunale").[1]  The district court concluded that Macy's failed to produce sufficient evidence to establish the standard of care applicable to H&M and Comunale, a prerequisite for submission of its claims to the jury, and that summary judgment was warranted on that basis. We affirm.

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007) (en banc).  Whether the standard of care has been met is a distinct issue from whether a duty of care exists. *Nunez v. Pro. Transit Mgmt. of Tucson, Inc.*, 229 Ariz. 117, 121 (2012) (en banc).  The standard of care is "[w]hat the defendant must do, or must not do . . . to satisfy the duty." *Gipson*,

---

[1] H&M filed a third-party complaint naming Comunale as a defendant.

2

214 Ariz. at 143 (quoting *Coburn v. City of Tucson*, 143 Ariz. 50, 52 (1984)). In tort, the traditional negligence standard of care is to exercise reasonable care under the circumstances. *Nunez*, 229 Ariz. at 121–23. Although it is an objective standard, *Valley Forge Ins. Co. v. Sam's Plumbing, LLC*, 220 Ariz. 512, 514 (Ct. App. 2009), it may be modified by the surrounding circumstances, including by any special relationship between the parties, *Nunez*, 229 Ariz. at 121–22.

Macy's argues that H&M can be held liable in tort for failing to measure up to its contractual promise to ensure that all work is performed in a "thoroughly first-class and workmanlike manner" and in accordance with manufacturers' instructions. A contractor may be liable in both contract and tort for its negligent actions, but the claims are fundamentally different: "in the context of property damage, contract law focuses on standards of quality as defined by the contracting parties; tort law on the objective reasonableness of certain conduct and the actual harm it causes." *Valley Forge Ins. Co.*, 220 Ariz. at 514; *see also Rawlings v. Apodaca*, 151 Ariz. 149, 158 (1986) (noting that tort obligations are imposed by law "apart from and independent of promises made and therefore apart from the manifested intention of the parties" (citation omitted)). Even when an express contract exists between the parties, Arizona courts consistently identify the standard of care in a negligence action against a professional as the duty to act as a reasonable professional would under the circumstances. *See, e.g., Teufel v. Am.*

*Family Mut. Ins. Co.*, 244 Ariz. 383, 387 (2018); *Nunez*, 229 Ariz. at 123; *Woodward v. Chirco Constr. Co.*, 141 Ariz. 514, 516 (1984) (en banc); *Easter v. Percy*, 168 Ariz. 46, 49 (Ct. App. 1991).

It is a plaintiff's burden to establish the standard of care by presenting evidence of the accepted professional conduct. *Bell v. Maricopa Med. Ctr.*, 157 Ariz. 192, 194 (Ct. App. 1988). Expert testimony is required to establish the standard of care for a professional if the "factual issues are outside the common understanding of jurors." *Rossell v. Volkswagen of Am.*, 147 Ariz. 160, 167 (1985) (en banc). However, no expert testimony is needed if "the negligence is so grossly apparent that a lay person would have no difficulty recognizing it." *Asphalt Eng'rs, Inc. v. Galusha*, 160 Ariz. 134, 135–36 (Ct. App. 1989). A plaintiff's failure to establish the applicable standard of care through expert testimony, if required, warrants judgment for defendant as a matter of law. *See, e.g.*, *Maricopa Cty. v. Cowart*, 106 Ariz. 69, 72 (1970) (en banc); *Thomas v. Goudreault*, 163 Ariz. 159, 171 (Ct. App. 1989); *Powder Horn Nursery, Inc. v. Soil & Plant Lab., Inc.*, 119 Ariz. 78, 82–83 (Ct. App. 1978).

Here, Macy's needed expert testimony on the standard of care applicable to H&M, as a general contractor, to prove its direct negligence claim. Macy's alleges that the general contractor failed to supervise its subcontractor, Comunale, during installation of the fire protection system. The average juror lacks experience in

construction and thus does not have general knowledge of the standard of care for a general contractor in installing, constructing, or inspecting fire protection systems or supervising subcontractors performing the same. *See, e.g.*, *Easter*, 168 Ariz. at 49; *Woodward v. Chirco Const. Co.*, 141 Ariz. 520, 521–22 (Ct. App. 1984), *approved as supplemented*, 141 Ariz. 514 (1984). It is also not grossly apparent that H&M was negligent. The record demonstrates that H&M provided general oversight over Comunale's activities but did not direct subcontractors on detailed aspects of their work.

For similar reasons, Macy's also needed expert testimony on the standard of care for Comunale, as a fire protection contractor, to support its claim against H&M based on vicarious liability. Macy's alleges that Comunale negligently failed to sufficiently tighten the sprinkler head during installation and, as described above, the average juror lacks experience with such matters of construction. Further, Comunale's alleged negligence is not grossly apparent. The facility's sprinkler failure occurred seven years after installation. Macy's own expert had difficulty diagnosing the leak's cause and had changed his opinion as to how corrosion had impacted the head. It is thus not grossly apparent that Comunale negligently installed the sprinkler system.

Macy's failed to produce admissible evidence to demonstrate a basis for either its direct or vicarious liability claim. It offered no qualified expert testimony

5

on the standards of care applicable to H&M and Comunale. Macy's disclosed a single expert, Joseph E. Crosson, a metallurgical engineer. Macy's admitted that Crosson could not offer opinions about the standards of care applicable to general contractors and fire installation subcontractors because he is not qualified to do so. Instead, Crosson testified that insufficient tightening of the sprinkler head caused corrosion and the leak, and that industry standards and the manufacturer's instructions require wrench tightening to a specific torque level.

Assuming the accuracy of that opinion, it still leaves open the question of whether a general contractor or a fire installation subcontractor, operating with due care, is expected to prevent this from happening and, if so, how. The district court properly concluded that it could not assume that these standards establish the applicable standard of care without expert testimony to that effect. Because Macy's could not establish the standards of care applicable to H&M and Comunale, H&M was entitled to summary judgment as a matter of law.

For the first time on appeal, Macy's argues that the district court should have afforded it the opportunity to file an amended complaint and retain a new expert on the standard of care. A district court should generally grant leave to amend the complaint even if no request is made before dismissing for failure to state a claim, *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990), but this case was resolved on summary judgment. A district court is

well within its discretion to decline to offer leave to amend at this procedural posture, after the parties have concluded discovery and summary judgment has been granted. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

As for Macy's request for leave to retain a new expert, this issue was not raised before the district court and we will not consider it for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**