[Civ. No. 12157. Third Dist., Mar. 13, 1970.]

JAMES GOULD, Plaintiff and Appellant, v.
ALEXANDER PAUL MADONNA, Defendant and Respondent.

## COUNSEL

John R. Couzens for Plaintiff and Appellant.

Chamberlain & Chamberlain, T. L. Chamberlain, Jr., and Ellis J. Horvitz for Defendant and Respondent.

## OPINION

**BRAY, J.**\*—Plaintiff appeals from that part of a judgment after court trial in his favor denying him double damages instead of actual damages.

### QUESTION PRESENTED

Does section 3346 of the Civil Code or section 13008 of the Health and Safety Code apply to damage to property resulting from fires negligently set?

### RECORD

Numerous suits for damages were consolidated for trial of the liability issue, and defendant's liability was established. Before trial of the issue of damages in plaintiff's case, *Drewry* v. *Welch* (1965) 236 Cal.App.2d 159 [46 Cal.Rptr. 65], was decided, holding that under section 3346 of the Civil Code, double damages are mandatory for wrongful injuries to which the section applies. Thereupon, plaintiff followed a number of procedures to have it determined that he was entitled to double damages for the property injuries charged in his complaint.

It is unnecessary to detail these procedures. Suffice it to say that if section 3346 of the Civil Code applies, he fully protected himself to receive the benefit of that section.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Defendant under a contract with the State of California was constructing a portion of U. S. Highway 40 (now U. S. Highway 80) in Placer County. Defendant's employees negligently set and maintained fires to burn trees, stumps, brush and other debris in the area of the construction, resulting in an uncontrolled fire which burned extensive areas, including timber, trees, underwood and land of plaintiff. At the trial the court, refusing to award double damages, found that plaintiff was damaged in the sum of $51,500. The computation of damages was based upon the difference in the fair market value of plaintiff's land before as compared to its value after the fire. Judgment was entered accordingly.

Section 3346 of the Civil Code (Deering's) is headed: "[Injuries to trees, etc: Trespass committed while acting in reliance upon boundary lines.]" In pertinent part it provides: "(a) For wrongful injuries to timber, trees, or underwood on the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, *except that where the trespass was casual or involuntary,* or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment, and excepting further where the wood was taken by the authority of highway officers for the purpose of repairing a public highway or bridge upon the land or adjoining it, in which case judgment shall only be given in a sum equal to the actual detriment." (Italics added.)

Subdivision (b) deals with damages for a trespass committed while acting in reliance upon an incorrect survey of boundary lines.

It is the provision concerning a "casual or involuntary" trespass which plaintiff would have applied in this case. There is no California case in which section 3346 of the Civil Code has been applied to the negligent spreading of a fire, and we have found no case determining that such spreading is a trespass.

Until 1931, under then section 3346a of the Civil Code and section 3344 of the Political Code, a person negligently allowing fire to extend beyond his own land was liable in treble damages to the party injured. (The two sections were identical in language.)

Statutes of 1931, chapter 790, page 1644, repealed both sections, but provided for actual damages caused by negligently setting or allowing fires to escape, and added liability for the expenses of fighting such fires. Based upon such provisions and those formerly in section 3346a of the

Civil Code and section 3344 of the Political Code, sections 13007 and 13008 of the Health and Safety Code were enacted in 1953. Section 13007 provides: "Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."

Section 13008 deals with fires set on one's property and escaping to that of another.[1]

In *Garnier* v. *Porter* (1891) 90 Cal. 105 [27 P. 55], dealing with former section 3344 of the Political Code, the court stated that this section was designed to prevent fires from destroying timber, grass and other property, which fires were then not uncommon. In *Kennedy* v. *Minarets & Western Ry. Co.* (1928) 90 Cal.App. 563 [266 P. 353], the court said, concerning then section 3344 of the Political Code and section 3346a of the Civil Code, that the danger from fires in dry country was so great as to justify the police power of the state to impose treble damages.

█ It is interesting to note that while the statutes expressly dealing with damages caused by fires were eliminating penalties or restricting recoverable damages to actual damages, section 3346 of the Civil Code, dealing with "wrongful injuries to timber, trees, or underwood" changed the measure of damages for casual and involuntary "trespass" from "actual detriment" (as it was in the original section adopted in 1872) to twice the actual detriment as adopted in 1957.

The statutory history of the sections, as hereinbefore stated, demonstrates a legislative intention that only actual damages be recoverable for injury caused by negligently set fires. That history indicates that the Legislature has set up a statutory scheme concerning timber fires completely separate from the scheme to meet the situation of the cutting or other type of injury to timber. See *County of Ventura* v. *Southern Cal. Edison Co.* (1948) 85 Cal.App.2d 529, 534 [193 P.2d 512], which speaks of the liability for fire suppression expenses as replacing the treble damages which were formerly recoverable.

Section 3346 "provides for double damages in instances where prior thereto damages were a sum equal to the actual detriment. To that extent it is penal. . . ." (*Helm* v. *Bollman* (1959) 176 Cal.App.2d 838, 843 [1 Cal.Rptr. 723].) There are no penal provisions in the sections dealing

---

[1]Section 13008 is not applicable in the instant case as the fire in question was not started on property of defendant but on the state highway. Section 13009, also adopted in 1953, provides for expenses in fighting the fires mentioned in the other two sections.

with fires. It would appear that if the Legislature intended a penalty in connection with injury by fire, it would have placed it in the sections dealing with fires.

The normal use of Civil Code section 3346 is in cases where timber has been cut from another's land, either with or without knowledge that the cutting was wrongful. It has been suggested that the purpose of the statute is to educate blunderers (persons who mistake location of boundary lines) and to discourage rogues (persons who ignore boundary lines), to protect timber from being cut by others than the owner. (*Drewry* v. *Welch, supra,* 236 Cal.App.2d 159, 177; and see notes, 54 Cal.L.Rev. 1843.) We have found no indication anywhere that anyone has considered that the double damages provisions of section 3346 are applicable to fire damage caused by negligence. McCormick on Damages (1935) section 126, page 499, says that statutes like section 3346 are an expression of the policy of increasing the risks of timber appropriation to the point of making it unprofitable. Section 3346 is irrelevant to the damage in this case.

The judgment is affirmed.

Pierce, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1970.