[No. A053957. First Dist., Div. Five. Aug. 7, 1992.]

STEVEN A. McKAY et al., Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA et al., Defendants and Appellants.

COUNSEL

Daniel E. Lungren, Attorney General, and Wayman M. Robertson, Jr., Deputy Attorney General, for Defendants and Appellants.

Jeffrey L. Wall for Plaintiffs and Respondents.

OPINION

KING, J.—In this case we hold that Health and Safety Code section 13007 permits recovery of lost profits from a business connected to property that is damaged by a negligently set fire. The State of California (the State) appeals from a money judgment for damages resulting when employees of the Department of Forestry and Fire Prevention set a controlled-burn fire adjacent to property owned by Steven A. McKay and Burt Cohen. We affirm.

McKay and Cohen own a 50-acre parcel of agricultural property and a retail produce outlet. Beginning in 1982, they improved a section of the property with trellises and irrigation pipe. They planted fruit trees, nut trees, grapevines and berry plants, which were designed to supply the retail outlet.

On October 22, 1988, employees of the Department of Forestry and Fire Prevention negligently started a controlled-burn fire on adjacent property. The fire spread to the McKay-Cohen farm and burned 25 acres, including 6 acres of trees, plants, trellises, irrigation pipe and other improvements. The business was destroyed as a result of the fire.

The State conceded liability for negligence but disputed the measure of damages. The market value of the burned six acres of improved property before the fire was $70,500, while the market value after the fire was

somewhere between $30,000 and $39,000. The State contended that McKay and Cohen could recover only this amount. McKay and Cohen argued they were also entitled to recover damages for loss of profits from their retail business. They presented evidence of lost profits of either $87,500 or $189,000. The trial court awarded $35,000 for the damage to the land and improvements, plus lost profits in the sum of $87,500, for a total money judgment of $122,500.

■ The State's sole contention is that McKay and Cohen were only entitled to recover damages for the reduction in the value of their real property, and thus the court erred in awarding $87,500 for lost profits. The State relies on the general proposition that, "Where fruit trees are injured or destroyed, the measure [of damages] is the difference in the value of the orchard land before and after their loss." (6 Witkin, Summary of Cal. Law (9th ed. 1988) § 1466, p. 938; see Civ. Code, § 3346; *Gould* v. *Madonna* (1970) 5 Cal.App.3d 404, 406 [85 Cal.Rptr. 457]; *Hill* v. *Morrison* (1928) 88 Cal.App. 405, 408 [263 P. 573].)

A special statutory rule, however, applies where property is damaged by a *negligently set fire*. Health and Safety Code section 13007 provides that any person who negligently allows a set fire to escape to another's property "is liable to the owner of such property for any damages to the property caused by the fire." (See *Gould* v. *Madonna, supra*, 5 Cal.App.3d at p. 408 [double damages provisions of Civ. Code, § 3346 are inapplicable to property damage resulting from negligently set fire].) Thus, the issue here, properly focused, is whether lost profits are recoverable under section 13007.

It is generally accepted that, "Where negligent conduct causes injury to real or personal property, the plaintiff may recover damages for profits lost during the time necessary to repair or replace the property." (*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 803-804 [157 Cal.Rptr. 407 [598 P.2d 60].) Nothing in the language of Health and Safety Code section 13007 precludes the application of this rule in the present context. The statute permits recovery for "any damages to the property." Broadly construed, "property" could reasonably include a business connected to property damaged by fire, such as the retail sale of crops produced on agricultural property.

Moreover, Health and Safety Code section 13007 has a history of liberal construction. In an early version, the legislation prescribed liability for treble damages "to the party injured." (Former Pol. Code, § 3344, enacted 1872, and Civ. Code, former § 3346a, added by Stats. 1905, ch. 464, § 1, p. 621, both repealed by Stats. 1931, ch. 790, §§ 5 & 6, p. 1644 and Stats. 1939, ch. 759, §§ 1 & 2, p. 2290.) In *Haverstick* v. *Southern Pac. Co.* (1934) 1

Cal.App.2d 605, 612, 615 [37 P.2d 146], the court held that this language encompassed damages for personal injuries because it was not limited to "property loss." Similarly, in its present form, the statute allows recovery for "damages to the property" but states no restriction as to *type* of property damage.

The State cites *Heninger* v. *Dunn* (1980) 101 Cal.App.3d 858 [162 Cal.Rptr. 104] for the proposition that it was unreasonable to award McKay and Cohen a money judgment in a sum exceeding the value of the damaged acreage. But the nature of the damages in *Heninger* was fundamentally different from the present case. In *Heninger*, defendants trespassed on plaintiffs' land and bulldozed a road, destroying trees and vegetative undergrowth. The cost of an identical replacement of trees and undergrowth would have exceeded the value of the land before the trespass. (*Id.* at p. 861.) The court held that recovery for the cost of identical restoration was "a manifestly unreasonable expense in relation to the value of the land prior to the trespass," but the reasonable cost of a lesser level of restoration (such as restoring the vegetative undergrowth) could be recovered. (*Id.* at p. 866.) The linchpin of *Heninger* was the excessive cost of identical restoration in comparison to the value of the damaged land. Here, in contrast, McKay and Cohen lost a business as well as acreage, and lost profits were awarded for damage to the business, not damage to the acreage. The proper comparison by analogy to *Heninger* is between the award of lost profits and the value of the damaged business, and the State has neither claimed nor demonstrated such award was unreasonable in comparison to the value of the business.

In view of the broad language of Health and Safety Code section 13007 and its history of liberal construction, we conclude the statute places no restrictions on the type of property damage that is compensable. Loss of profits from a business connected to property that is negligently damaged by a set fire is a form of property damage. Such damage is compensable under the general rule allowing recovery of lost profits for property damage caused by negligence. (*J'Aire Corp.* v. *Gregory, supra,* 24 Cal.3d at pp. 803-804.) Accordingly, the award of lost profits in the present case was not error.

The judgment is affirmed.

Haning, Acting P. J., and Hanlon, J.,* concurred.

---

*Judge of the San Francisco Superior Court sitting under assignment by the Chairperson of the Judicial Council.