[No. E015173. Fourth Dist., Div. Two. Nov. 19, 1996.]

ALBERT M. ELTON et al., Plaintiffs and Appellants, v. ANHEUSER-BUSCH BEVERAGE GROUP, INC., Defendant and Respondent.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A.3., B. & C.

1302

## COUNSEL

Kumetz & Glick and Stephen Glick for Plaintiffs and Appellants.

Rudder, Liebersbach, Mohun & Carney and Gerald F. Mohun, Jr., for Defendant and Respondent.

## OPINION

**McKINSTER, J.**—The prevailing plaintiffs in an action for damages to real property appeal (1) the trial court's order taxing their costs by denying their request for attorney's fees pursuant to Code of Civil Procedure section 1021.9 and (2) the resulting judgment which offsets the defendant's costs against the plaintiffs' damage award, pursuant to Code of Civil Procedure section 998, subdivision (e).[1] We affirm in part, reverse in part, and remand for further proceedings regarding attorney's fees and other costs.

### FACTUAL AND PROCEDURAL BACKGROUND

To reduce the risk of fire to its structures, the defendant tried to conduct a controlled burn of piles of grass and sagebrush on its land. The fire escaped onto the plaintiffs' adjacent property, damaging it. The plaintiffs sued, asserting negligence and trespass theories.

In February and March of 1994, the defendant offered to compromise the case pursuant to section 998 for the sums of $40,000 and $55,000, respectively. The plaintiffs did not accept either offer. After trial, the jury returned a verdict of $25,000. The plaintiffs thereafter submitted a memorandum of costs seeking an award of $73,327.15, including attorney's fees of $68,395.

---

[1]Unless specified otherwise, all further section references are to the Code of Civil Procedure.

The defendant moved to strike the cost memorandum or, in the alternative, to tax costs. It argued (1) that the plaintiffs could not recover any costs because they did not obtain a judgment greater than the offers to compromise (§ 998, subd. (c)), (2) that the trial court should exercise its discretion under section 1033, subdivision (a), to deny costs because the plaintiffs failed to obtain a judgment greater than that which could have been obtained in the municipal court, and (3) that the statute under which the plaintiffs were claiming attorney's fees, section 1021.9, did not apply.

The trial court found "that under applicable California law, and the factual situation in this case that the defendants [*sic*] negligently allowing the fire in question to escape onto the plaintiff's [*sic*] land does not constitute a trespass and would not allow the plaintiff's [*sic*] attorney fees to be awarded under" section 1021.9. It also found that the only other costs shown to have been incurred by the plaintiffs prior to the offer to compromise in February totaled $561.15. While not striking the plaintiffs' cost memorandum entirely, it taxed all the attorney's fees and all the other costs except the sum of $561.15. It reduced the defendant's postoffer costs by that sum, and ordered the balance ($10,387.29) to be credited against the $25,000 verdict. Accordingly, judgment was entered for the plaintiffs in the net sum of $14,612.71. (§ 998, subd. (e).)

## CONTENTIONS

The plaintiffs have appealed from that judgment, and specifically from the order granting the motion to tax costs. They contend that the trial court erred, both in deciding that a fire cannot constitute a trespass within the meaning of section 1021.9, and in impliedly finding that the plaintiffs failed to recover a judgment greater than the defendant's offers to compromise. In response, the defendant contends that the trial court's ruling on its motion to tax should be upheld for each of the three arguments it asserted in support of its motion.

## DISCUSSION

A.  *Code of Civil Procedure Section 1021.9 Applies.*

Section 1021.9 provides: "In any action to recover damages to personal or real property resulting from trespassing on lands either under cultivation or intended or used for the raising of livestock, the prevailing plaintiff shall be entitled to reasonable attorney's fees in addition to other costs, and in addition to any liability for damages imposed by law." The defendant asserts three arguments to support the trial court finding that section 1021.9 does not apply to these facts. We reject all of them.

### 1. *A Negligent Invasion by Fire Which Causes Damage to Real Property Constitutes a Trespass.*

██ Given the trial court's finding, the initial issue before us is the definition of trespass. In particular, when a defendant intentionally starts a fire on its property, and negligently allows that fire to escape onto and to damage the adjoining plaintiffs' property, does that constitute a trespass?

The common law drew a distinction between two types of actions for injuries to real property. If the injury was an immediate and direct result of the act complained of, then an action for trespass was the appropriate remedy. On the other hand, where the damages did not immediately ensue from the act complained of, the damages were deemed to have been consequential, and the only remedy was an action "on the case." (*Hicks* v. *Drew* (1897) 117 Cal. 305, 309-310 [49 P. 189].) For example, where a defendant lawfully erects a dam on the defendant's property, with the consequence that flood waters are deflected onto the plaintiff's land during the next rain, the common law did not recognize a trespass. (*Ibid.*) " '[T]respass never lies when the act is lawful in itself, and injurious only in its consequences.' " (*Id.*, at p. 310.)

In *Hicks*, the court relied upon that common law distinction to interpret section 338, which at the time defined a three-year limitation period for actions for "trespass upon real property." "While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making power of this state had in mind when using the phrase, 'trespass upon real property.' " (*Hicks* v. *Drew, supra,* 117 Cal. at pp. 308-309.) Accordingly, it held that an action to recover compensation for the damages caused by the deflected flood waters was not a trespass within the meaning of section 338. (117 Cal. at pp. 310-311.)

The same common law distinction between direct and consequential damages was relied upon to determine whether a trespass had occurred in *Daneri* v. *Southern Cal. Ry. Co.* (1898) 122 Cal. 507 [55 P. 243] and *Crim* v. *City and County* (1907) 152 Cal. 279 [92 P. 640], and recited as the "settled law in this state" in *Porter* v. *City of Los Angeles* (1920) 182 Cal. 515, 518 [189 P. 105]. Nevertheless, only eight years later, without any citation of authority, and without mentioning *Hicks, Daneri, Crim* or *Porter,* the Supreme Court stated that " '[t]he trend of the decisions of this court is generally in accord with the doctrine, whenever the question has come before it, that trespasses may be committed by consequential and indirect

injuries as well as by direct and forcible injuries.'" (*Coley* v. *Hecker* (1928) 206 Cal. 22, 28 [272 P. 1045].)

Subsequent cases have joined *Coley* in ignoring the line of authority starting with *Hicks* by holding that the "distinction between direct and indirect invasions is not recognized in this state." (*Gallin* v. *Poulou* (1956) 140 Cal.App.2d 638, 641 [295 P.2d 958]; accord, *Smith* v. *Lockheed Propulsion Co.* (1967) 247 Cal.App.2d 774, 784 [56 Cal.Rptr. 128, 29 A.L.R.3d 538].) In 1982, the Supreme Court reiterated that "[t]he rule has evolved in California that trespass may be committed by consequential and indirect injury as well as by direct and forcible injury." (*Wilson* v. *Interlake Steel Co.* (1982) 32 Cal.3d 229, 232 [185 Cal.Rptr. 280, 649 P.2d 922].)

*Coley* and *Wilson* are directly contrary to, and thus implicitly overrule, *Hicks* and its progeny. Thus, we need not decide whether the damages to the plaintiffs' property were an indirect consequence of the defendant's act of lighting the fire or a direct result of the defendant's negligence in allowing the fire to escape, or whether the common law would classify an action to recover compensation for such damages as an action for trespass or on the case. (Cf. *Las Animas etc. Land Co.* v. *Fatjo* (1908) 9 Cal.App. 318, 322-323 [99 P. 393] [raising but not deciding the latter issue].) The distinction between direct and consequential damages having been abandoned, the possibility that the damages may have been only an indirect consequence of the fire does not prevent the escape of that fire from constituting a trespass.

■ Nor do we find any other reason why a fire cannot constitute the agent by which a trespass is committed. "Trespass to property is the unlawful interference with its possession." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 604, p. 704; accord, *Staples* v. *Hoefke* (1987) 189 Cal.App.3d 1397, 1406 [235 Cal.Rptr. 165].) The interference need not take the form of a personal entry onto the property by the wrongdoer. Instead, it "may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." (75 Am.Jur.2d, Trespass, § 11, p. 15, fn. omitted.) For instance, a trespassory invasion may take the form of ginning lint (*Kornoff* v. *Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265 [288 P.2d 507]), cement dust (*Roberts* v. *Permanente Corp.* (1961) 188 Cal.App.2d 526 [10 Cal.Rptr. 519]), and even invisible particles of fluoride compounds (*Martin* v. *Reynolds Metals Company* (1959) 221 Or. 86 [342 P.2d 790, 794]).

"[A]n entry may [also] be accomplished by setting in motion an agency which, when put in operation, extends its energy to the plaintiff's premises to its material injury." (75 Am.Jur.2d, Trespass, § 11, p. 16, fn. omitted.)

Thus, intangible intrusions such as noise or vibrations may constitute a trespass if they cause actual physical damage (*Wilson* v. *Interlake Steel Co.*, *supra*, 32 Cal.3d at pp. 232-233; *Staples* v. *Hoefke*, *supra*, 189 Cal.App.3d at p. 1406; *Smith* v. *Lockheed Propulsion Co.*, *supra*, 247 Cal.App.2d at p. 784) as opposed to merely a diminution in market value (*San Diego Gas & Electric Co.* v. *Superior Court* (1996) 13 Cal.4th 893, 937 [55 Cal.Rptr.2d 724, 920 P.2d 669]). Even damaging electronic signals sent by a computer "hacker" can constitute a trespass to personalty. (*Thrifty-Tel, Inc.* v. *Bezenek* (1996) 46 Cal.App.4th 1559, 1566, fn. 6 [54 Cal.Rptr.2d 468].)

While no California case has previously decided that a fire can constitute a trespassory invasion, other states have. The Supreme Court of Washington has held that an action for trespass lies to recover damages caused when a spark was negligently cast from the defendant's property onto the plaintiff's property, igniting a fire. (*Zimmer* v. *Stephenson* (1965) 66 Wn.2d 477 [403 P.2d 343, 345].) Alleging facts even closer to those at issue here, the plaintiffs in *Martin* v. *Union Pacific Railroad Company* (1970) 256 Or. 563 [474 P.2d 739] claimed that the defendant railroad negligently caused a fire to occur on its right of way and negligently permitted the fire to escape and spread onto the plaintiffs' land. (474 P.2d at pp. 739-740.) The Oregon Supreme Court held that "[t]he spread of the fire from defendants' land onto plaintiffs' land was an intrusion of a character sufficient to constitute a trespass." (*Id.*, at p. 740; accord, *Koos* v. *Roth* (1982) 293 Or. 670 [652 P.2d 1255, 1267-1268] [spread of fire from defendant's field to plaintiff's property was a trespass].)

We agree. It would be difficult to justify a distinction between damage caused by the thermal energy of a fire and that caused by the kinetic energy of vibrations. Certainly, an invasion by fire presents a potential for damage and destruction which is at least as great as that presented by vibrations. When negligently inflicted with resulting actual damage, either may constitute a trespass. ██ Since it is undisputed that the fire in this instance caused actual damage to the plaintiffs' property, and since the jury expressly found that those damages were caused by the defendant's negligence, the invasion of the fire onto the plaintiffs' property constituted a trespass. The trial court erred by finding to the contrary.

2. *Because Attorney's Fees Are Not Damages, Code of Civil Procedure Section 1021.9 Does Not Conflict With Health and Safety Code Sections 13007 and 13009.*

██ The defendant argues that, regardless of whether a fire can constitute a trespassory invasion, the reference to trespass in section 1021.9 should not be interpreted to include a trespass caused by fire. We are not persuaded.

The defendant relies on *Gould* v. *Madonna* (1970) 5 Cal.App.3d 404 [85 Cal.Rptr. 457]. There, a defendant intentionally set a fire and negligently allowed that fire to spread onto the plaintiff's land, destroying the timber growing on it. (*Id.*, at p. 406.) Civil Code section 3346, subdivision (a), provides for the recovery of double damages for a "casual or involuntary" trespass by which timber is wrongfully injured, but the trial court refused to award other than actual damages. The appellate court affirmed, concluding that the legislative history of Health and Safety Code sections 13007 and 13008[2] "demonstrates a legislative intention that only actual damages be recoverable for injury caused by negligently set fires." (*Gould, supra*, at p. 407.)

*Gould* is inapplicable. When authorized by statute, awards of attorney's fees are expressly defined as costs, not damages. (§ 1033.5, subd. (a)(10)(B).) Section 1021.9 observes the same distinction when it states that the plaintiff is entitled to attorney's fees "in addition to *other costs*, and in addition to any liability for damages imposed by law." (Italics added.) As an item of costs, an award of attorney's fees pursuant to section 1021.9 is not inconsistent with a legislative intent that the only *damages* recoverable are those described in Health and Safety Code sections 13007 and 13008.

Similarly, our review of the legislative history of section 1021.9 reveals nothing to suggest that the section was not intended to apply to actions for damages from trespassory fires. In the absence of evidence of such a legislative intent, we decline to carve out the exception urged by the defendant.

3. *The Plaintiffs' Property Was "Intended or Used for the Raising of Livestock."**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2]Health and Safety Code section 13007 provides: "Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."

Health and Safety Code section 13008 provides: "Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire."

*See footnote, *ante*, page 1301.

## DISPOSITION

That portion of the judgment finding the defendant liable for the plaintiffs' damages in the sum of $25,000 is affirmed. That portion deducting the defendant's costs from that damage award is reversed, and the order taxing costs is vacated. The matter is remanded to the trial court for further proceedings on the issues of costs.

On remand, the trial court shall reconsider the defendant's motion to tax costs pursuant to section 998 by (1) determining the costs, including reasonable attorney's fees, incurred as of the dates of the two offers to compromise, (2) adding those sums to the $25,000 verdict, and (3) comparing the resulting "judgments" with the offers. If either of the offers is greater than or equal to the corresponding "judgment," then the motion to tax shall be granted. If not, then the trial court shall determine a reasonable award of attorney's fees under section 1021.9 for the entire action. If the motion to tax costs on the basis of section 998 is denied, the trial court may also consider whether it wishes to exercise the discretion afforded to it by section 1033, subdivision (a).

The plaintiffs shall recover their costs on appeal.

Hollenhorst, Acting P. J., and Ward, J., concurred.