Filed 12/9/19 (unmodified opinion attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PRESBYTERIAN CAMP AND CONFERENCE CENTERS, INC., <br><br>    Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SANTA BARBARA COUNTY, <br><br>    Respondent; <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, <br><br>    Real Party in Interest. | 2d Civil No. B297195 <br> (Super. Ct. No. 18CV02968) <br> (Santa Barbara County) <br><br><br> **ORDER MODIFYING OPINION AND DENYING REHEARING** <br> **[NO CHANGE IN JUDGMENT]** |

THE COURT:

     It is ordered that the opinion filed herein on November 18, 2019, and certified for publication, be modified as follows:

1. On page 2, first sentence of the third full paragraph, the word "allegedly" is to be inserted between the words "fire" and "started" so that the sentence reads:

The Department of Forestry and Fire Protection (CalFire) sued Presbyterian Camp and Conference Centers (PCCC) to recover costs arising from a fire allegedly started by a PCCC employee.

2. On page 2, second sentence of the fourth full paragraph, beginning "It contends" is deleted and the following sentence is inserted in its place:

It contends the court erroneously overruled its demurrer because sections 13009 and 13009.1 do not permit it to be held liable for an alleged employee's negligent or illegal acts.

3. On page 2, after section header "FACTUAL AND PROCEDURAL HISTORY," add as footnote 2 the following footnote, which will require renumbering of all subsequent footnotes:

[2] The facts are taken from CalFire's complaint, which we accept as true in our review of the trial court's order overruling PCCC's demurrer. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

4. On page 5, first partial paragraph, second citation "(*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)" is modified to read as follows:

(*Blank*, *supra*, 39 Cal.3d at p. 318.)

5. On page 8, first full paragraph, beginning "Here, it is" is deleted and the following paragraph is inserted in its place:

Here, it is alleged that Cook started the Sherpa Fire. And it is alleged that PCCC was his employer at that time. Therefore, if CalFire can prove that Cook was PCCC's employee, that he started the fire negligently or in violation of law, and that he did so in the scope of his employment, PCCC can, pursuant to sections 13009 and 13009.1, be held vicariously liable for CalFire's fire suppression and investigation costs.

6. On page 10, first full paragraph beginning "In 1931" is deleted and the following two paragraphs are inserted in its place:

In 1872, the Legislature enacted the first predecessor to the fire liability statutes now codified at sections 13007, 13008, 13009, and 13009.1. (*McKay v. State of California* (1992) 8 Cal.App.4th 937, 939; *Gould v. Madonna* (1970) 5 Cal.App.3d 404, 406-407 (*Gould*).) As enacted, former Political Code section 3344 provided that "'[e]very person negligently setting fire to [their] own woods, or negligently suffering any fire to extend beyond [their] own land, [was] liable in treble damages to the party injured.'" (*Haverstick*, *supra*, 1 Cal.App.2d at p. 615.) Thirty-three years later, the Legislature enacted Civil Code section 3346a. (See *McKay*, at p. 939.) Its language was identical to that in the Political Code. (See *Haverstick*, at p. 615.)

The Legislature repealed Political Code section 3344 and Civil Code section 3346a when it enacted the Fire Liability Law in 1931. (*Gould*, *supra*, 5 Cal.App.3d at p. 406; see Stats. 1931, ch. 790, §§ 5 & 6, p. 1644.) Section 1 of the new law provided that "'any person who: (1) personally or through

3

another, and (2) wilfully, negligently, or in violation of law, commit[ted] any of the following acts:  (1) set[] fire to, (2) allow[ed] fire to be set to, (3) allow[ed] a fire kindled or attended by [them] to escape to the property, whether privately or public owned, of another'" was liable for the damage that ensued. (*Howell*, *supra*, 18 Cal.App.5th at p. 177, italics and alterations omitted.)  Section 2 provided that "'any person' who allowed a fire burning on [their] property to escape to another's property 'without exercising due diligence to control such fire'" was liable for the resulting damage.  (*Ibid*., italics and alterations omitted.) Section 3 "permitted recovery of the expenses of fighting such fires 'by the party, or by the federal, state, county, or private agency incurring such expenses.'  [Citation.]"  (*Ibid*.)

7.  The last sentence of the paragraph commencing at the bottom of page 12 with "The *Howell* majority" and ending at the top of page 13 with "liability in *Haverstick*" is deleted and the following sentence is inserted in its place:

Yet that statute's predecessors—former Political Code section 3344 and former Civil Code section 3346a—served as a basis for imposing vicarious corporate liability in *Haverstick*.

8.  On page 13, first full paragraph beginning "In *Haverstick*," is deleted and the following paragraph is inserted in its place:

In *Haverstick*, *supra*, 1 Cal.App.2d at pages 609-611, the court upheld liability imposed on a railroad after its employees negligently permitted a fire to spread from a railway car to the plaintiff's land.  Former Political Code section 3344 and former Civil Code section 3346a were in force when the fire broke

4

out.  (*Id*. at pp. 614-615; compare *id*. at p. 610 [fire started May 19, 1931] with Stats., ch. 790, p. 1644 [sections repealed August 14, 1931].)  Those sections—like their successors, section 2 of the Fire Liability Law and current section 13008—lacked the "personally or through another" language currently found in section 13007.  (See *id*. at p. 615.)  The railroad's vicarious liability thus did not hinge on the presence of that phrase:  "[T]he better reasoning supports the holding that the negligence *of the company* or person setting the fire is the proximate cause of the injury in the absence of a showing of contributory negligence on the part of the injured person."  (*Id*. at p. 613, italics added.)

9.  On page 13, second full paragraph beginning "We presume" is deleted and the following paragraph is inserted in its place:

We presume the Legislature was aware of the *Haverstick* court's interpretation of former Political Code section 3344 and former Civil Code section 3346a, and that it intended that the same interpretation apply to the substantially similar language in the Fire Liability Law and section 13008.  (*Moran*, *supra*, 40 Cal.4th at p. 785.)  We see no reason why a different interpretation should apply to the same language in sections 13009 and 13009.1.

There is no change in judgment.
Petitioner's petition for rehearing is denied.

_____

TANGEMAN, J.        GILBERT, P.J.        PERREN, J.

Filed 11/18/19 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PRESBYTERIAN CAMP AND CONFERENCE CENTERS, INC., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SANTA BARBARA COUNTY, <br><br> Respondent; <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, <br><br> Real Party in Interest. | 2d Civil No. B297195 <br> (Super. Ct. No. 18CV02968) <br> (Santa Barbara County) |

       The law is replete with legal fictions.  Among the best known is that corporations are people, with many of the same rights and responsibilities as natural persons.  But corporations cannot act on their own; they "'necessarily act through agents.' [Citation.]"  (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 782 (*Snukal*).)  Thus the law draws "no distinction

between [a] corporation's 'own' liability and vicarious liability resulting from [the] negligence of [its] agents." (*Tunkl v. Regents of University of Cal.* (1963) 60 Cal.2d 92, 103.)

In a split decision, our colleagues in the Third Appellate District rejected this principle in the context of Health and Safety Code[1] sections 13009 and 13009.1. (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154 (*Howell*).) The *Howell* majority concluded that corporations cannot be held liable for the costs of suppressing and investigating fires their agents or employees negligently set, allow to be set, or allow to escape. (*Id.* at pp. 175-182.) Justice Robie disagreed, concluding that sections 13009 and 13009.1 do permit vicarious corporate liability. (*Id.* at pp. 204-208 (dis. opn. of Robie, J.).)

We agree with Justice Robie.

The Department of Forestry and Fire Protection (CalFire) sued Presbyterian Camp and Conference Centers (PCCC) to recover costs arising from a fire started by a PCCC employee. PCCC demurred, arguing that *Howell* precludes liability. The trial court disagreed, and overruled the demurrer.

PCCC challenges the trial court's order in a petition for writ of mandate. It contends the court erroneously overruled its demurrer because sections 13009 and 13009.1 do not permit it to be held liable for its employee's negligent or illegal acts. We disagree, and deny the petition.

FACTUAL AND PROCEDURAL HISTORY

PCCC operates a camp and conference center in rural Santa Barbara County. Its employee, Charles Cook, was

---

[1] All further unlabeled statutory references are to the Health and Safety Code.

2

responsible for maintaining the camp. In June 2016, a cabin on the property filled with smoke after a chimney malfunctioned. Cook removed a burning log from the fireplace and carried it outside. Embers from the log fell onto dry vegetation, igniting what is now known as the Sherpa Fire.

The fire spread rapidly, and ultimately burned nearly 7,500 acres. CalFire spent more than $12 million to fight the fire and investigate its cause. The investigation revealed that PCCC: (1) failed to clear dry vegetation near at least one of its cabins, (2) failed to maintain the chimney that filled the cabin with smoke, and (3) failed to inspect and maintain fire safety devices. These omissions constituted negligence and violated several laws and regulations. Cook's act of carrying a smoldering log over dry vegetation was also negligent and in violation of the law. Together, PCCC's and Cook's acts and omissions caused the Sherpa Fire and contributed to its rapid spread.

CalFire sued Cook and PCCC to recover fire suppression and investigation costs. (§§ 13009, 13009.1.) PCCC demurred to CalFire's complaint, arguing that it could not be held liable for Cook's actions based on *Howell, supra*, 18 Cal.App.5th 154.

*Howell* involved the Moonlight Fire that burned 65,000 acres in Plumas County. (*Howell, supra*, 18 Cal.App.5th at p. 162.) The fire started when a bulldozer struck a rock, causing superheated metal fragments to splinter off and ignite the surrounding vegetation. (*Id.* at p. 164.) The operator of the bulldozer and his coworker did not timely inspect the area where they had been working, which allowed the fire to spread. (*Ibid.*)

CalFire sued the two workers for the costs of suppressing and investigating the resulting fire. (*Howell, supra,*

3

18 Cal.App.5th at pp. 162-163.) It also sued the timber harvester that employed the workers, the company that purchased the timber from the harvester/employer, the company that managed the property, and the property owners. (*Id*. at p. 163.) The trial court granted motions dismissing the property owners, property manager, and timber purchaser from the case. (*Id*. at p. 165.) It concluded that sections 13009 and 13009.1 did not provide a basis for their liability. (*Ibid*.) A majority of the Court of Appeal agreed, concluding that the statutes do not provide for vicarious liability. (*Id*. at p. 182.) Only CalFire's claims against the workers and their employer remained. (*Id*. at p. 176.)

The court below determined that *Howell* did not bar CalFire's claims against PCCC. While *Howell* concluded that the property owners, property manager, and timber purchaser could not be vicariously liable for the workers' acts, it said nothing about the harvester/employer's liability. Indeed, the harvester/employer remained a defendant in the underlying case. Because CalFire alleged that PCCC was Cook's employer when the Sherpa Fire started, the court concluded that *Howell* did not apply to the facts of this case. It overruled PCCC's demurrer.

DISCUSSION

PCCC argues that the trial court erroneously overruled its demurrer because: (1) a corporation is not a "person" for purposes of sections 13009 and 13009.1, (2) the legislative history of these statutes shows that they do not permit vicarious liability, and (3) permitting such liability would render superfluous language in related fire liability statutes.

*Standard of review*

When a party seeks writ review of a trial court's order overruling a demurrer, "[t]he 'ordinary standards of

4

demurrer review still apply.'" (*Southern California Gas Leak Cases* (2019) 7 Cal.5th 391, 398, fn. 3.) We independently determine whether the complaint states a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We reasonably interpret the complaint, "reading it as a whole and its parts in their context." (*Ibid.*) We deem true "'all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. [Citation.]'" (*Ibid.*) "'We also consider matters which may be judicially noticed.' [Citation.]" (*Ibid.*)

*Rules of statutory interpretation*

Whether PCCC can be vicariously liable for Cook's negligent or illegal acts involves questions of statutory interpretation for our independent review. (*Western States Petroleum Assn. v. Board of Equalization* (2013) 57 Cal.4th 401, 415.) Our fundamental task is to ascertain the Legislature's intent when it enacted sections 13009 and 13009.1. (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 803 (*Pacific Palisades*).) We begin with the statutes' words, giving them their plain, commonsense meanings. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) We interpret the words in the context of related statutes, harmonizing them whenever possible. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663 (*Mejia*).) We also interpret them in a manner that avoids conflicts with common-law principles. (*California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 297.)

We presume the Legislature "was aware of existing related laws" when it enacted sections 13009 and 13009.1, and that it "intended to maintain a consistent body of rules." (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199

5

(*Zamudio*).)  We also presume the Legislature was aware of the judicial interpretations of those laws, and that it intended that the same interpretation apply to related laws with identical or substantially similar language.  (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785 (*Moran*).)  We will follow the statutes' plain meanings unless doing so would lead to absurd results the Legislature did not intend.  (*Meza v. Portfolio Recovery Associates, LLC* (2019) 6 Cal.5th 844, 856.)

If the meanings of sections 13009 and 13009.1 are unclear, we may examine their legislative history to determine the Legislature's intent.  (*Pacific Palisades*, *supra*, 55 Cal.4th at p. 803.)  We may also "consider the impact of an interpretation on public policy" and the consequences that may flow from it.  (*Mejia*, *supra*, 31 Cal.4th at p. 663.)  But we cannot insert words into the statutes that the Legislature has omitted.  (Code Civ. Proc., § 1858.)  Our job is not to rewrite statutes to conform to an assumed intent that does not appear from their language.  (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545.)

*Plain meanings of sections 13009 and 13009.1*

CalFire's ability to recover the costs of services it provides is limited to the recovery provided by statute.  (*Howell*, *supra*, 18 Cal.App.5th at p. 176.)  Section 13009, subdivision (a)(1), permits CalFire to recover fire suppression costs from "[a]ny person . . . who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by [them] to escape onto any public or private property."  Section 13009.1, subdivision (a)(1), permits CalFire to recover costs for investigating a fire from the same classes of persons.  A "person" includes "any person, firm, association, organization, partnership, business trust, corporation, limited liability

6

company, or company." (§ 19.[2])  Thus, under the plain language of these statutes, CalFire can recover fire suppression and investigation costs from a corporation, like PCCC, that negligently or illegally sets a fire, allows a fire to be set, or allows a fire it kindled or attended to escape.  And because a corporation "'necessarily act[s] through agents'" (*Snukal*, *supra*, 23 Cal.4th at p. 782), it is vicariously liable if one of its agents sets a fire in the scope of their employment (*Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 968 (*Perez*)).

Interpreting "person" in sections 13009 and 13009.1 to permit vicarious corporate liability is consistent with its interpretation in other fire liability laws in the Health and Safety Code.  For example, pursuant to section 13000, no "person" may allow a fire to escape their control.  Pursuant to section 13001, no "person" may use a device that might cause a fire without taking precautions to ensure against the fire's spread.  In *Golden v. Conway* (1976) 55 Cal.App.3d 948, 963, the court determined that, pursuant to these sections, a landlord may be able to recover damages resulting from a fire that occurred in her building "on the theory that [her tenant] *or one of his employees* negligently left combustible material too close to [a] wall heater." (Italics added.)

Interpreting "person" in sections 13009 and 13009.1 to permit vicarious corporate liability is also consistent with longstanding common-law and statutory rules.  Vicarious liability is "'"a deeply rooted sentiment"'" in California. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208.)  At common law, an employer could be held vicariously liable for its employee's torts if

---

[2] The Legislature enacted section 19 in 1939.  (Stats. 1939, ch. 60, § 19, p. 484.)

the torts were committed in the scope of employment. (*Perez*, *supra*, 41 Cal.3d at p. 967.) The Legislature codified this common-law rule nearly 150 years ago. (Civ. Code, § 2338.) We presume the Legislature was aware of Civil Code section 2338 and the common-law rules governing vicarious liability when it enacted sections 13009 and 13009.1. (*Zamudio, supra*, 23 Cal.4th at p. 199.) And we presume the Legislature did not intend to depart from these rules since sections 13009 and 13009.1 are silent on the issue of vicarious liability. (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1149.)

Here, it is undisputed that Cook started the Sherpa Fire. And it is undisputed that PCCC was his employer at that time. Therefore, if CalFire can prove that Cook started the fire negligently or in violation of law, and did so in the scope of his employment, PCCC can, pursuant to sections 13009 and 13009.1, be held vicariously liable for CalFire's fire suppression and investigation costs.

*Section 19's definition of "person"*

PCCC argues that sections 13009 and 13009.1 do not apply to corporations. But section 19's definition of "person"— which includes a corporation—applies to all provisions of the Health and Safety Code "[u]nless the provision or the context otherwise requires." (§ 5.) Neither of the provisions at issue here explicitly restricts "person" to a natural person. And the predecessors to sections 13009 and 13009.1 were routinely used to recover firefighting costs from corporations—both before and after the Legislature enacted section 19 in 1939. (See, e.g., *County of Ventura v. So. Cal. Edison Co.* (1948) 85 Cal.App.2d 529 (*Ventura County*); *Haverstick v. Southern Pac. Co.* (1934) 1 Cal.App.2d 605 (*Haverstick*); *Kennedy v. Minarets & Western Ry.*

*Co.* (1928) 90 Cal.App. 563.) Had the Legislature wanted to alter this well-established understanding of "person," it would have done so in the ensuing 80 years. (Cf. *Foodmaker, Inc. v. Alcoholic Bev. etc. Appeals Bd.* (1974) 10 Cal.3d 605, 609 [definition of "person" in Business and Professions Code section 23008 applied in Business and Professions Code section 24071 where Legislature did not specify "natural person"].)

The context of sections 13009 and 13009.1 similarly does not require restricting their applicability to natural persons. "The clear intent of [these sections] is to require reimbursement by the wrongdoer for expenses incurred in the suppression of fire." (*Ventura County, supra*, 85 Cal.App.2d at p. 533.) It would be contrary to the Legislature's intent if we were to conclude that corporations are not among the wrongdoers required to pay for fire suppression and investigation costs. They are.

*Legislative history of sections 13009 and 13009.1*

PCCC next argues that, even if sections 13009 and 13009.1 do apply to corporations, the legislative history shows that they do not permit vicarious liability. The *Howell* majority agreed with this argument. (*Howell, supra*, 18 Cal.App.5th at pp. 175-182.) It concluded that sections 13009 and 13009.1 do not "clearly delineate the impact of the inclusion of the term 'negligently,'" and thus examined the statutes' legislative history to determine whether the Legislature intended that they provide for vicarious liability. (*Id.* at p. 177.)

We do not believe the use of the term "negligently" renders sections 13009 and 13009.1 unclear. Whether the statutes permit corporations to be vicariously liable for the acts of their agents and employees hinges on the definition of "person," not "negligently." And "person" is clearly defined in section 19.

9

In any event, an examination of the statutes' legislative history confirms that the Legislature intended that they provide for vicarious liability.

In 1931, the Legislature enacted the Fire Liability Law. Section 1 of the law provided that "'any person who: (1) personally or through another, and (2) wilfully, negligently, or in violation of law, commit[ted] any of the following acts: (1) set[] fire to, (2) allow[ed] fire to be set to, (3) allow[ed] a fire kindled or attended by [them] to escape to the property, whether privately or public owned, of another'" was liable for the damage that ensued. (*Howell, supra,* 18 Cal.App.5th at p. 177, italics and alterations omitted.) Section 2 provided that "'any person' who allowed a fire burning on [their] property to escape to another's property 'without exercising due diligence to control such fire'" was liable for the resulting damage. (*Ibid.,* italics and alterations omitted.) Section 3 "permitted recovery of the expenses of fighting such fires 'by the party, or by the federal, state, county, or private agency incurring such expenses.' [Citation.]" (*Ibid.*)

Twenty-two years later, the Legislature codified the Fire Liability Law in the Health and Safety Code. (*Howell, supra,* 18 Cal.App.5th at p. 177.) Section 1 of the Fire Liability Law was codified at section 13007. (*Ibid.*) As codified, section 13007 permitted a property owner to recover from "'any person who personally or through another wilfully, negligently, or in violation of law set[] fire to, allow[ed] fire to be set to, or allow[ed] a fire kindled or attended by [them] to escape to the [owner's] property.'" (*Ibid.,* italics and alterations omitted.) Section 2 was codified at section 13008. (*Ibid.*) Section 13008 made liable "'any person' who allowed a fire burning on [their] property to escape to another's property 'without exercising due diligence to control

10

such fire.' [Citation.]" (*Id*. at p. 178, alterations omitted.) Section 3 was codified at section 13009. (*Ibid*.) Section 13009 permitted the recovery of "'the expenses of fighting any fires mentioned in [s]ections 13007 and 13008 against any person made liable by those sections for damages caused by such fires.' [Citation.]" (*Id*. at p. 177, alterations omitted.)

The Legislature amended section 13009 in 1971. (*Howell*, *supra*, 18 Cal.App.5th at p. 178.) This amendment expanded section 13009 to permit recovery of firefighting expenses for fires that burned only one's own property. (*Ibid*.) It also deleted section 13009's references to sections 13007 and 13008. (*Ibid*.) As amended, section 13009 permitted recovery of firefighting costs from "'[a]ny person who negligently, or in violation of the law, set[] a fire, allow[ed] a fire to be set, or allow[ed] a fire kindled or attended by [them] to escape onto any forest, range[,] or nonresidential grass-covered land.'" (*Ibid*.)

The Legislature added section 13009.1 in 1984 to permit recovery of fire investigation costs against the same persons described in the 1971 version of section 13009. (*Howell*, *supra*, 18 Cal.App.5th at p. 178.) Three years later, the Legislature amended sections 13009 and 13009.1 to extend liability for fire suppression and investigation costs: Liability against the persons who set fires, allowed fires to be set, or allowed fires to escape was recodified at subdivision (a)(1) of the statutes. Subdivision (a)(2) extended liability to "[a]ny person . . . other than a mortgagee, who, being in actual possession of a structure, fails or refuses to correct, within the time allotted for correction, despite having the right to do so, a fire hazard prohibited by law, for which a public agency properly has issued a notice of violation respecting the hazard." (§§ 13009, subd. (a)(2),

11

13009.1, subd. (a)(2).)  Subdivision (a)(3) extended liability to "[a]ny person . . . including a mortgagee, who, having an obligation under other provisions of law to correct a fire hazard prohibited by law, for which a public agency has properly issued a notice of violation respecting the hazard, fails or refuses to correct the hazard within the time allotted for correction, despite having the right to do so."  (§§ 13009, subd. (a)(3), 13009.1, subd. (a)(3).)

The 1992 and 1994 amendments to section 13009 did not reincorporate the "personally or through another" language into the statute.  Nor has the language been included in section 13009.1.  The "personally or through another" language remains in section 13007, however, which has not been amended since its 1953 enactment.  It remains absent from section 13008, which, like section 13007, has not been amended since 1953.

The *Howell* majority determined that "the presence of the 'personally or through another' language in section 13007 and its absence in sections 13009 and 13009.1 [was] indicative of [the Legislature's] intent to preclude application of vicarious liability concepts in the latter sections."  (*Howell, supra*, 18 Cal.App.5th at p. 179, citing *Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1108 [where statute contains a provision, the omission of that provision from a statute on a related subject ""is significant to show that a different legislative intent existed with reference to the different statutes""].)  But this determination ignores that, prior to 1971, section 13009 permitted recovery of firefighting costs from any person liable under *either* section 13007 or 13008.  Section 13008 did not—and still does not—contain the "personally or through another" language.  Yet that statute's

predecessor—section 2 of the 1931 Fire Liability Law—served as a basis for imposing vicarious liability in *Haverstick*.

In *Haverstick*, *supra*, 1 Cal.App.2d at pages 609-611, the court upheld liability imposed on a railroad after its employees negligently permitted a fire to spread from a railway car to the plaintiff's land.  The *Haverstick* court did not state explicitly that the statutory basis for the railroad's liability was section 2 of the Fire Liability Law, but it is apparent from the facts of the case:  There was "[n]o . . . explanation" for how the fire started on board the train.  (*Id.* at p. 610.)  The employees did not set it, allow it to be set, or kindle it.  (See *ibid*.)  Section 1 of the Fire Liability Law was thus inapplicable.  But the employees did allow the fire to escape from the train car onto the plaintiff's land (*id.* at pp. 607-608), permitting the railroad's liability under section 2.  That section lacks the "personally or through another" language of section 1.  The railroad's vicarious liability was thus necessarily based on the phrase "any person."

We presume the Legislature was aware of the *Haverstick* court's interpretation of section 2 of the Fire Liability Law, and that it intended that the same interpretation apply to the identical language it codified at section 13008.  (*Moran*, *supra*, 40 Cal.4th at p. 785.)  We see no reason why a different interpretation should apply to the same language in sections 13009 and 13009.1.

The Legislature's addition of section 19 in 1939—five years after the *Haverstick* decision—reinforces our conclusion.  Pursuant to section 19, the term "person" includes a corporation.  That definition applies throughout the Health and Safety Code.  (§ 5.)  Thus, when the Legislature codified section 2 of the Fire Liability Law at section 13008 in 1953, corporations, by

13

definition, could be liable for fires that escaped onto others' properties.  As it was widely understood that corporations could act only though their agents and employees (see, e.g., *Jeppi v. Brockman Holding Co.* (1949) 34 Cal.2d 11, 17; *Brown v. Central Pacific R. R. Co.* (1885) 68 Cal. 171, 174 (dis. opn. of McKee, J.)), it was also understood that any corporate liability under section 13008 was vicarious (*Haverstick*, *supra*, 1 Cal.App.2d at pp. 607-611).  With its reference to section 13008, section 13009 also incorporated vicarious liability principles.  Nothing in the legislative history suggests that the Legislature sought to change that when, in 1971, it deleted section 13009's reference to section 13008 but continued its use of the phrase "any person."

Indeed, the 1971 amendment of section 13009 was wholly unrelated to corporations' vicarious liability.[3]  In 1963, the court in *People v. Williams* (1963) 222 Cal.App.2d 152 held that state agencies could not, pursuant to section 13009, recover costs for fighting fires that remained on the properties of those who started them.  (*Id.* at p. 155.)  This "create[d] an inequality in favor of the very large property owner."  (Dept. of Conservation, Enrolled Bill Rep. on Assem. Bill No. 1247 prepared for Governor Reagan (Oct. 1971), p. 1; see also Sen. Com. on Judiciary, Background Information on Assem. Bill No. 1247, p. 1.)  The Department of Conservation requested that the Legislature amend section 13009 to remedy this inequality and permit public agencies to recover fighting fires costs regardless of whether a fire escaped the property of origin.  (Dept. of Conservation,

---

[3] We grant CalFire's unopposed request to take judicial notice of the legislative history materials cited herein.  (*In re J.W.* (2002) 29 Cal.4th 200, 211-212; see Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

14

Enrolled Bill Rep. on Assem. Bill No. 1247 prepared for Governor Reagan (Oct. 1971), p. 2.)  The Legislature did so by adopting Assembly Bill No. 1247.  (See Stats. 1971, ch. 1202, § 1, p. 2297.)  The bill amended section 13009 to provide that liability could no longer be imposed "only where the fire damages the property of another" (Legis. Counsel's Dig., Assem. Bill No. 1247 (1971 Reg. Sess.)), a direct response to the *Williams* decision (see *People v. Southern Pacific Co.* (1983) 139 Cal.App.3d 627, 637).

This legislative history makes clear that the Legislature adopted Assembly Bill No. 1247 "to address a very specific problem":  recovery of costs for fighting fires that do not escape a landowner's property.  (*Apple, Inc. v. Superior Court* (2013) 56 Cal.4th 128, 146-147.)  Given this narrow, specific focus, it is "not surprising" that there was no discussion of continuing or eliminating vicarious corporate liability under section 13009.  (*Id*. at p. 147.)  The Legislature simply "was not presented with that issue."  (*Ibid*.)

Moreover, the legislative history materials show that the Legislature made no distinction between "persons" subject to liability under section 13007 and those subject to liability under section 13008.  An analysis of Assembly Bill No. 1247 stated that, pursuant to the version of section 13009 then in effect, *a person* was liable for firefighting costs if they violated either section 13007 or section 13008:

> Under existing law, *a person* is liable for the expense in fighting a fire if [they do] either of the following:
>
> (a) Willfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled

15

or attended by [them] to escape to, the property of another.

(b) Allows any fire burning upon [their] property to escape to the property of another without exercising due diligence to control the fire.

(Dept. of Conservation, Fire Fighting Expenses Liability, Analysis of Assem. Bill No. 1247, July 19, 1971, p. 2, italics added.)  The amended version of section 13009 would:

Impose[] liability for such expense upon *a person* who negligently, or in violation of the law, does any of the following:

(1) Sets a fire.

(2) Allows a fire to be set.

(3) Allows a fire kindled or attended by [them] to escape onto any forest, range, or nonresidential grass-covered land.

(*Id*. at p. 1, italics added.)

The Legislature's consistent use of "a person"—not qualified by "personally or through another"—when discussing sections 13007, 13008, and 13009 reinforces our conclusion that it did not seek to eliminate vicarious liability when it amended section 13009 in 1971.  As the *Howell* majority recognized (and as PCCC concedes), section 13007 has always permitted vicarious

16

corporate liability. (*Howell*, *supra*, 18 Cal.App.5th at pp. 178-180.) Why sections 13008 and 13009 would not, despite the Legislature's use of the same descriptors, is left unanswered in *Howell*. "The Legislature [was] not required to use the same language to accomplish the same ends." (*Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 783.)

*Rule against surplusage*

PCCC argues that basing its liability for the Sherpa Fire on sections 13009 and 13009.1 would render the phrase "personally or through another" surplusage in section 13007. (See *Howell*, *supra*, 18 Cal.App.5th at p. 179, citing *Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1038 [courts should avoid interpretations that render provisions superfluous].) That may be true. But "[w]e are not required to assume that the Legislature [chose] 'the most economical means of expression'" when it wrote every statute. (*People v. Martinez* (1995) 11 Cal.4th 434, 449.) Our job is to determine the Legislature's intent. (*Pacific Palisades*, *supra*, 55 Cal.4th at p. 803.) Where surplus language is absent in one statute but present in another, we will not ignore that intent simply so we can give special meaning to the surplus words. (*People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

Here, both the plain meanings of sections 13009 and 13009.1 and their legislative history show that the Legislature intended that the statutes provide for vicarious corporate liability. To conclude that the "personally or through another" language of section 13007 alone permits such liability would require us to ignore that intent. We will not subordinate the Legislature's intent simply to avoid surplusage in section 13007. (*People v. Townsend* (1998) 62 Cal.App.4th 1390, 1399.)

17

Moreover, as Justice Robie noted, interpreting "person" in sections 13009 and 13009.1 to prohibit vicarious corporate liability "would result in corporations . . . never being held liable for fire suppression costs." (*Howell, supra*, 18 Cal.App.5th at p. 206 (dis. opn. of Robie, J.).)  In *Ventura County*, *supra*, 85 Cal.App.2d at pages 532-533, the Court of Appeal determined that an electric utility could be liable for firefighting costs pursuant to section 3 of the Fire Liability Law based on its negligent construction and maintenance of power lines, a violation of the second prong of section 1 of the Fire Liability Law.  The *Howell* majority distinguished that case because:  (1) liability was imposed under a law that incorporated liability against a person who acted "personally or through another," and (2) the utility was a *direct actor*.  (*Howell*, at p. 180.)

Corporations are never direct actors.  (*Snukal, supra*, 23 Cal.4th at p. 782.)  The electric utility did not negligently construct and maintain its power lines; its employees did.  The *Howell* majority's assertion that sections 13009 and 13009.1 permit corporate liability when corporations are "direct actors" is a legal impossibility.

PCCC also asserts that interpreting subdivision (a)(1) of sections 13009 and 13009.1 to permit vicarious corporate liability would render meaningless subdivisions (a)(2) and (a)(3) of those statutes because the latter would no longer serve any purpose.  (See *Howell, supra*, 18 Cal.App.5th at pp. 181-182.)  Not true.  Consider a person who received notice of a fire hazard and had the right or obligation to correct it.  Pursuant to subdivisions (a)(2) and (a)(3), that person could be liable if they did not correct the hazard and that hazard allowed a fire to *grow*.  (See *City of Los Angeles v. Shpegel-Dimsey, Inc.* (1988) 198 Cal.App.3d 1009,

18

1015-1016, 1019, fn. 2.) But that same person could not be liable pursuant to subdivision (a)(1) because they did not allow the fire to be *set*. (*Id*. at pp. 1019-1020.) Conversely, if the person did correct the hazard, yet nevertheless allowed the fire to be set, they could *only* be liable pursuant to subdivision (a)(1). The actions of the person responsible for the fire, not whether that person can be vicariously liable for it, are what differentiate subdivisions (a)(1), (a)(2), and (a)(3). Because subdivisions (a)(2) and (a)(3) provide for liability where none exists under subdivision (a)(1), they are not meaningless if the latter permits vicarious liability.

We thus conclude that sections 13009 and 13009.1 include principles of vicarious corporate liability. They expressly permit the recovery of fire suppression and investigation costs from a corporation, like PCCC, when one of its agents or employees "negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by [them] to escape onto any public or private property." (§§ 13009, subd. (a)(1), 13009.1, subd. (a)(1).) The trial court correctly overruled PCCC's demurrer to CalFire's complaint.[4]

---

[4] Given our conclusion, we need not decide whether the court successfully distinguished this case from *Howell*. (See *Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824-825 [appellate court will uphold trial court's ruling on a demurrer if correct on any legal theory].)

19

## DISPOSITION

The order to show cause is discharged.  PCCC's petition for writ of mandate is denied.  CalFire shall recover its costs in this writ proceeding.

CERTIFIED FOR PUBLICATION.


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

20

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____


Daley & Heft, Lee H. Roistacher, Robert W. Brockman, Jr,. and Garrett A. Marshall, for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, Robert W. Bryne, Assistant Attorney General, Gary E. Tavetian, Ross Hirsch, Jessica Barclay-Strobel and Caitlan McLoon, Deputy Attorneys General, for Real Party in Interest.